UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DOYLE CHASE BARNETT,

    Plaintiff,

v.

FIRST PREMIER BANK.,

    Defendant.

3:10-cv-0708-LRH-RAM

ORDER

Before the court is defendant First Premier Bank's ("First Premier") motion to dismiss filed on November 11, 2010. Doc. #2.[1] Plaintiff Doyle Chase Barnett ("Barnett") filed an opposition (Doc. #14) to which First Premier replied (Doc. #18).

Also before the court is Barnett's motion to extend time (Doc. #7), motion for summary judgment (Doc. #15), and motion for default (Doc. #21).

**I.  Facts and Procedural History**

In December 2008, Barnett entered a Raley's supermarket, loaded a shopping cart full of items, and left the store without paying. Barnett was detained outside by police. While detained, Barnett produced a credit card issued by First Premier and claimed that he simply forgot to purchase the items but that he had both the ability to pay and the intention to do so when he entered

---

[1] Refers to the court's docket entry number.

1   the store.

2       The Reno Police Department investigated the incident. As part of the investigation, Detective Reed Thomas ("Detective Thomas") contacted First Premier via telephone to inquire about the credit card issued to Barnett. First Premier told Detective Thomas that it had issued the card to Barnett, but that the card was suspended in October 2008 for non-payment. Barnett was subsequently charged with, and ultimately convicted of, commercial burglary.

    After his conviction, Barnett filed the underlying civil rights complaint against First Premier alleging two causes of action: (1) a violation of NRS 293A.070, *et seq*.; and (2) a violation of 15 U.S.C. § 6801, *et seq*. Doc. #1, Exhibit 1. Barnett alleges that First Premier wrongfully disseminated his non-public finanicial information to a government agency without a subpoena or search warrant and without his consent in violation of state and federal law. *Id*. Thereafter, First Premier filed the present motion to dismiss arguing that neither statute provides for a private right of action and therefore, Barnett's complaint should be dismissed in its entirety. Doc. #2.

## II. Discussion

    The court has reviewed the documents and pleadings on file in this matter and finds that neither 15 U.S.C. § 6801, nor NRS 293A.070 provide for a private right of action. First, the Gramm-Leach Bliley Act ("GLBA"), found at 15 U.S.C. § 6801 *et seq*., is a consumer protection statute that places an obligation on financial institutions to protect a customer's non-public financial information. However, that statute does not provide for a private right of action. *See e.g, Dunmire v. Morgan Stanely DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) ("No private right of action exists for an alleged violation of the GLBA."). Second, NRS Chapter 239A is a criminal statute that likewise does not provide a private right of action. *See* NRS 239A.190 (stating that a violation of the related statute is a misdemeanor).  Therefore, the court finds that Barnett has failed to state a claim upon which relief can be granted. Accordingly, the court shall grant First Premier's motion to dismiss.

   IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #2) is GRANTED. Plaintiff's complaint is DISMISSED in its entirety.

   IT IS FURTHER ORDERED that plaintiff's motion for an extension of time (Doc. #7) is GRANTED nunc pro tunc.

   IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (Doc. #15) and motion for default (Doc. #21) are DENIED.

   IT IS SO ORDERED.

   DATED this 4th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3