UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOYLE CHASE BARNETT,<br><br>          Plaintiff,<br><br>   v.<br><br>FIRST PREMIER BANK.,<br><br>          Defendant. | 3:10-cv-0708-LRH-RAM<br><br>ORDER |

Before the court is plaintiff Doyle Chase Barnett's ("Barnett") motion for reconsideration of the court's March 7, 2011 order of dismissal (Doc. #24[1]). Doc. #26.

## I.  Facts and Procedural History

In December 2008, Barnett entered a Raley's supermarket, loaded a shopping cart full of items, and left the store without paying. Barnett was detained by police. While detained, Barnett produced a credit card issued by First Premier and claimed that he simply forgot to purchase the items but that he had both the ability to pay and the intention to do so when he entered the store.

The Reno Police Department investigated the incident. As part of the investigation, Detective Reed Thomas ("Detective Thomas") contacted First Premier via telephone to inquire about the credit card issued to Barnett. First Premier told Detective Thomas that it had issued the

---

[1] Refers to the court's docket entry number.

1  card to Barnett, but that the card was suspended in October 2008 for non-payment. Barnett was
2  subsequently charged with, and ultimately convicted of, commercial burglary.

3       After his conviction, Barnett filed the underlying civil rights complaint against First Premier
4  alleging two causes of action: (1) a violation of NRS 293A.070, *et seq.*; and (2) a violation of 15
5  U.S.C. § 6801, *et seq.* Doc. #1, Exhibit 1. In response, defendants filed a motion to dismiss
6  (Doc. #2) which was granted by the court (Doc. #24). In the court's order of dismissal, the court
7  found that neither 15 U.S.C. § 6801, nor NRS 293A.070 provide for a private right of action, and
8  thus, Barnett had failed to state a claim upon which relief can be granted. *See* Doc. #24.

9       Thereafter, Barnett filed the present motion for reconsideration of the court's order of
10 dismissal arguing that the court erred in failing to provide him an opportunity to amend his
11 complaint. Doc. #26.

12 **II.   Discussion**

13      Barnett brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). Rule 59(e)
14 provides that a district court may reconsider a prior order where the court is presented with newly
15 discovered evidence, an intervening change of controlling law, manifest injustice, or where the
16 prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d
17 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255,
18 1263 (9th Cir. 1993).

19      Here, Barnett argues that the court's order was clearly erroneous because the court failed to
20 provide him with an opportunity to amend his complaint. *See* Doc. #26. However, the court finds
21 that Barnett's motion for reconsideration is without merit. Barnett's complaint failed to state a
22 claim for relief because the statutes that defendants allegedly violated do not allow for a private
23 right of action. Because no private right of action exists, Barnett cannot allege any new factual
24 allegations that would allow him to bring these claims against defendants. It is well established law
25 in the Ninth Circuit that when it is absolutely clear that the deficiencies of a pro se litigant's

26

2

1 complaint cannot be cured by amendment a court is not required to grant leave to amend. *See Noll*
2 *v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Therefore, the court finds that the court's order of
3 dismissal was not clearly erroneous and, as such, reconsideration is not warranted.

5     IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #26) is
6 DENIED.

7     IT IS SO ORDERED.
8     DATED this 19th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3